In the Matter of MILTON S. HERMAN, an Attorney, Respondent. SOLOMON A. KLEIN, Petitioner.

Second Department, October 26, 1971.

*Solomon A. Klein,* petitioner in person.

*Frederick S. Abrams* for respondent.

*Per Curiam.* In this proceeding to discipline the respondent, an attorney who was admitted to the Bar by this court on March 30, 1960, he has submitted an affidavit in answer to the petition, in which he admits the charges and requests the court to make such disposition " as it believes appropriate in the circumstances ".

The charges against respondent arose out of his courtroom conduct on two separate occasions and before two different Judges. The petition alleges that the respondent, while appearing for the plaintiff in the trial of a civil action, " engaged in disorderly, contemptuous and insolent conduct, committed during the sitting of the Court, in the immediate view and presence of the Justice presiding thereat and the jury, said conduct evincing a disregard and disrespect for the Court and the Justice before whom he appeared and directly tending to disrupt the order and decorum of the Court ", and that he engaged in similar conduct while appearing for the defendant in the trial of a criminal action.

We have examined the relevant portions of the transcripts of the minutes of the two trials and it appears that the charges, as set forth in the petition, find full support therein.

In his answering affidavit, the respondent states that there " was no justification whatsoever for the outbursts made by me "; that he has no memory of what he said; that there is not any truth in the statements made by him; that he can only attribute the outbursts to the pressures of the trials and to

certain external pressures which contributed to his loss of control; and that he apologizes to both of the Judges involved.

In view of the respondent's admission that his conduct was inexcusable, his apology to the Judges and his past unblemished record, we are of the opinion that censure is an appropriate measure of discipline. In making such determination, however, we admonish the respondent that, if in the future he should engage in conduct similar to that involved in these charges, it could result in severe disciplinary action.

HOPKINS, Acting P. J., MUNDER, LATHAM, SHAPIRO and GULOTTA, JJ., concur.

Application granted and respondent is herewith censured for the conduct described in the petition.